Dear Representative Lewis:
You have requested the opinion of this office regarding the ability of the New Orleans Business and Industrial District (the "District") to purchase land outside of the boundaries of the District. Specifically, we are advised that the District is considering the purchase of property to be utilized as the Louisiana Speedway Complex. It is our understanding that the District is considering the purchase of a parcel of property that is adjacent to, but not located within the District, because the cost of suitable pieces of property within the District is cost prohibitive.
This office has examined the provisions of LSA-R.S.33:4701-4708, which provides for and creates the District. Most pertinently, we note that LSA-R.S. 33:4701 provides that the District ". . . shall have the power to acquire, construct, improve, maintain, and operate projects and to provide additional municipal services within the district." (Emphasis added)
We also note that the first sentence of LSA-R.S. 33:4703C provides that the "objectives and purposes" of the District are to ". . . provide for the acquisition, construction, improvement, maintenance and operation, of special projects, additional municipal services, capital improvements, and facilitieswithin the district." (Emphasis added)
In our opinion, the above-quoted provisions of law indicate that the District's obligation and authority is limited to projects within the boundaries of the District. More compelling, however, is the remainder of LSA-R.S. 33:4703C, which appears to bar the District from undertaking activities (including the acquisition of property) outside of the District:
 "Except as inconsistent with this Part, the district created hereby is granted and shall have and may exercise all powers necessary or convenient for the carrying out of such objects and purposes including . . . the following rights and powers:
 (1) To acquire, purchase . . . any property . . . necessary or desirable for carrying out the purposes of the district . . .
 (2) To acquire by purchase . . . and to construct, improve, maintain, repair and operate facilities which it deems necessary or convenient to carry out its purposes . . ." (Emphasis added)
This provision of law, which is the second sentence of LSA-R.S. 33:4703, makes it clear that all powers granted to the District, including the power to acquire and purchase property, can only be exercised in a manner consistent with the first sentence of Part C of LSA-R.S. 33:4703, previously quoted herein. As previously stated, that provision limits the District to activities within its boundaries.
It is also noteworthy that LSA-R.S. 33:4706 provides that funds received by the District from all sources "shall only be used for the benefit of the district and for projects or serviceswithin the district."
Inevitably, we must reach the conclusion that any property purchased by the District must be located "within the District".
Based upon the foregoing, we must advise that it is the opinion of this office that the New Orleans Business and Industrial Development District cannot purchase property outside the boundaries of District for use as the Louisiana Speedway Complex. The District may wish to seek changes in its enabling legislation which would either include the desired tract within the District's boundaries, or grant the District with the authority to purchase property outside of, or at least adjacent to, the District.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Date Received: October 7, 1997 Date Released:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL